UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STEVEN BEHL, ) | |
| ) | |
| Plaintiff, ) | No. 20-CV-3097 |
| ) | |
| vs. ) | |
| ) | |
| VILLAGE OF RIVERTON, ) | |
| Riverton Police Officers ) | |
| GRANT PETERSON, 045, and ) | Jury Demand |
| TRICIA SUMMERSON, 054, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

1.  This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.  Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.  Plaintiff is a resident of Springfield, Illinois.

5.  Defendant-Officers GRANT PETERSON ("Defendant PETERSON") and TRICIA SUMMERSON ("Defendant SUMMERSON") at all times material to this Complaint were duly appointed and sworn Village of Riverton police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant VILLAGE OF RIVERTON is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On September 7, 2019, Plaintiff was a passenger in a vehicle that was parked in a parking lot at 127 East Menard Street, in Riverton. An apartment complex is located at this address.

9. Plaintiff was sleeping in the front passenger's seat of the vehicle while it was parked in the parking lot.

10. Upon information and belief, Defendants PETERSON and SUMMERSON were investigating a call of a vehicle doing "burn-outs" in the area.

11. Defendants PETERSON and SUMMERSON arrived on scene and spoke with the driver of the vehicle in the parking lot.

12. The driver explained that he lived in the apartment complex and that he and the Plaintiff had work in the morning and that Plaintiff was just sleeping in the truck.

13. The driver was eventually placed under arrest.

14. Plaintiff continued to sleep in the parked vehicle after the driver was arrested.

15. Defendant PETERSON opened the vehicle and reached in for Plaintiff.

16. Defendant PETERSON grabbed Plaintiff and yanked him out of the truck.

17. Plaintiff fell to the ground in the parking lot.

18. Plaintiff did not know who had pulled him from the vehicle.

19. Plaintiff made a derogatory statement in the direction of the individual that pulled

him from the vehicle.

20. Defendant PETERSON then punched Plaintiff in the face.

21. Defendant PETERSON got on top of Plaintiff and continued to strike Plaintiff.

22. While Defendant PETERSON was striking Plaintiff, Defendant SUMMERSON kicked Plaintiff in the back.

23. Defendant PETERSON tasered Plaintiff.

24. Defendant SUMMERSON then handcuffed Plaintiff.

25. Plaintiff was transported from the scene to Memorial Medical Center via ambulance.

26. After he was released from the hospital, Plaintiff was taken to the Sangamon County Jail.

27. Plaintiff was charged with three counts of aggravated battery to a police officer and one count of disarming a peace officer. Both Defendants PETERSON and SUMMERSON alleged that Plaintiff battered them.

28. Plaintiff did not batter a police officer, nor did he disarm a police officer.

29. The charges were brought against Plaintiff in an attempt to justify the excessive force that was used by Defendant PETERSON and SUMMERSON.

30. On March 19, 2020, the charges against Plaintiff were dismissed.

31. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

32. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, physical pain and suffering, and emotional distress and pecuniary damages, including medical expenses, attorney's' fees, and

monies posted for bond.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

33. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

34. After Defendant PETERSON grabbed Plaintiff out of the truck, Plaintiff was not free to leave.

35. Defendant PETERSON seized Plaintiff.

36. Defendant PETERSON did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff had committed a crime or was about to commit a crime.

37. Defendant PETERSON did not have any other legal justification to seize Plaintiff.

38. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant PETERSON,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorney's' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest)

39. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

40. Defendant-Officers placed Plaintiff under arrest.

41. Defendant-Officers did not have an arrest warrant, probable cause, or any other legal justification to arrest Plaintiff.

42. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorney's' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

43. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

44. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorney's' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

45. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

46. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant VILLAGE OF RIVERTON is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant VILLAGE OF RIVERTON to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

                                                                      Respectfully submitted,

                                                                      /s/ Louis J. Meyer
                                                                      *Counsel for the Plaintiff*

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
311 W. Stratford Drive
Peoria, IL 61614
t. 309.713.3751
f. 312.585.7803
e. louismeyer@meyerkiss.com
e. dankiss@meyerkiss.com